UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

MADE IN DETROIT, INC.,

    Debtor.
_____/

MADE IN DETROIT, INC.,                        Case No. 04-72970

    Appellant,                            Hon. John Corbett O'Meara

v.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF MADE IN DETROIT, INC.,
and THE TRUST FOR PUBLIC LAND,

    Appellees.
_____/

## OPINION AND ORDER

Appellant Made In Detroit, Inc. appeals a decision of the Bankruptcy Court for the Eastern District of Michigan, which denied Appellant relief from an order confirming a committee liquidation plan. For the following reasons, the decision of the Bankruptcy Court is affirmed.

## Background

Appellant, a real estate development company, owned a parcel of property on the Detroit River. On October 23, 2002, Appellant filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. On September 12, 2003, the Bankruptcy Court approved the reorganization plan of the Official Committee of Unsecured Creditors. The

Bankruptcy Court found that Appellant's alternative plan, which sought to retain the property by securing outside financing, was not feasible. The committee's plan called for the sale of Appellant's real property to a non-profit group called the Trust for Public Land. On September 14, 2004 the Trust for Public Land sold the property to the United States Fish and Wildlife Service.

On September 19, 2003, Appellant filed an appeal of the Bankruptcy Court's original confirmation order in this court. This court denied a stay and dismissed the appeal as moot. On April 6, 2004, appellant filed an appeal to the Sixth Circuit. That appeal is currently pending. Oral argument is set for June 5, 2005.

On May 14, 2004, Appellant filed a motion in the Bankruptcy Court pursuant to Rule 60(B)(2) of the Federal Rules of Civil Procedure, seeking relief from the Bankruptcy Court's order confirming the committee's plan because of newly discovered evidence. Appellant argues that the committee's plan violates the Ottawa National Refuge Complex Expansion and Detroit River International Wildlife Refuge Expansion Act. That statute provides that "any and all acquisitions of land or waters under the provisions of this Act shall be made in a voluntary manner and shall not be the result of forced takings." Ottawa National Refuge Complex Expansion and Detroit River International Wildlife Refuge Expansion Act § 4(c)(2), Pub. L. No 108-23, 117 Stat 704 (2003). Appellant argues that the Trust for Public Land was working in partnership with the Fish and Wildlife Service to acquire the property in question against Appellant's will, in violation of this clause. The newly discovered evidence Appellant claims to have discovered consists of some emails that discuss this alleged partnership. Appellant received these emails pursuant to Freedom of Information Act requests.

On June 22, 2004, the Bankruptcy Court heard oral argument on Appellant's 60(b) motion. The court denied the motion as untimely. Appellant subsequently appealed to this court.

## Law and Analysis

First, Appellant's 60(b) motion was not properly brought before the Bankruptcy Court because the confirmation order was pending on appeal before the Sixth Circuit. When a timely notice of appeal is filed, the appellate court has exclusive jurisdiction over the matter in controversy. Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993). Because this is an appeal from bankruptcy court, it is an interlocutory appeal. Regardless, the issue of the validity of the confirmation order is currently pending on appeal before the Sixth Circuit. While that issue is on appeal, neither the bankruptcy court nor this court has jurisdiction to hear matters relating to that appeal. As such, the bankruptcy court should have dismissed the motion for lack of jurisdiction.

Even if the bankruptcy court had jurisdiction to hear Appellant's 60(b) motion, it was correct in holding that the 60(b) motion was untimely. This court reviews the bankruptcy court's findings of facts for clear error and conclusions of law de novo. Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 106 F.3d 1255, 1259 (6th Cir. 1997).

Federal Rule of Civil Procedure 60(b) states, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

Federal Rule of Bankruptcy Procedure 9024 states, "Rule 60 F.R.Civ.P. applies in cases under the Code except that . . . (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330." The time allowed under 11 U.S.C.

§ 1144 to reconsider a reorganization plan confirmation is 180 days. It is undisputed that

Appellant's 60(b) motion came more than 180 days after the Bankruptcy Court confirmed the

plan. As such, it was untimely.

Accordingly, the decision of the Bankruptcy Court to deny Appellant's 60(b) motion is
**AFFIRMED**.


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated: May 4, 2005